IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MARCUS ROSSER, | : | |
| Plaintiff, | : : | |
| VS. | : : | CIVIL ACTION FILE NO. **1 : 06-CV-113 (WLS)** |
| CYNTHIA NELSON, Warden, et. al, | : : | |
| Defendants. | : | |

## RECOMMENDATION

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is defendants' motion for summary judgment (doc. 31). Plaintiff has failed to respond to the motion for summary judgment in a substantive manner. [1]

At all times relevant to this lawsuit, plaintiff was incarcerated at Autry State Prison. Defendants were officials at Autry State Prison. Plaintiff alleges that defendants failed to protect him from an attack by another inmate, Andrew Mitchell, on May 17, 2006, when plaintiff was stabbed three times. Plaintiff alleges that he told defendant Nelson he wanted to file criminal charges against inmate Mitchell. Plaintiff alleges that Mitchell continued to make verbal threats against plaintiff, and defendants did nothing to protect him.

---

[1] The undersigned granted plaintiff additional time in which to file a response to the motion for summary judgment pending the receipt of discovery from defendants. Defendants filed a notice of compliance on August 12, 2008. According to the order of August 8, 2008, plaintiff had an additional 30 days after August 12, 2008 in which to file his response. Plaintiff filed another request for an extension of time, which was granted. The order granting the extension clearly stated that plaintiff had until October 10, 2008 in which to file his response. Plaintiff has failed to file a response to the motion for summary judgment.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the

dismissal of factually unsupported claims prior to trial.

It is well settled that a prison inmate has a constitutional right to be protected from the constant threat of violence and from physical assault by other inmates. Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir.1981). *See also* Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir.1984) (per curiam). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. " 'In order to state a §§ 1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature.' " Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.1982) (quoting Wright v. El Paso County Jail, 642 F.2d 134, 136 (5th Cir.1981), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)).

Under Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994) and its progeny, a prison official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).    An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendations, cannot be

condemned as the infliction of punishment for Eighth Amendment purposes.  Farmer, 511 U.S. at 838.   Merely negligent failure to protect an inmate from attack does not justify liability under section 1983. Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

On May 17, 2006, plaintiff was involved in an altercation with Andrew Mitchell and another inmate.  All three were taken to administrative segregation, and inmate Mitchell was given a disciplinary report.  (Doc. 33, Nelson Aff., Exh. A and B).  Defendant Nelson spoke with plaintiff about the incident, was told by plaintiff that he did not intend to retaliate against Mitchell, and told plaintiff that it would be up to the investigative officer to determine if criminal charges against Mitchell were warranted. (Doc. 33, Nelson Aff., Exh. A and B).

Plaintiff and inmate Mitchell were assigned to different dormitories, as is the custom after an altercation such as this one so that the inmates will not have contact with one another. (Doc. 33, Nelson Aff. Exh. D).

Pursuant to SOP and the inmate handbook, inmates may request protective custody if they feel that they are in danger. (Doc. 33, Nelson Aff. SOP IIB09-0001).  Plaintiff does not allege in his complaint that he ever requested protective custody, and his institutional file does not show that he made any such request.  (Doc. 33, Cox Aff.).

In his deposition, plaintiff acknowledged that he had no problems with inmate Mitchell prior to the May 17, 2006 stabbing (doc. 33, Part 8, pg.6); nor does he make any such allegation in his complaint.   Plaintiff claims that on May 24, 2006, inmate Mitchell approached plaintiff and showed him a shank, but he does not allege that Mitchell injured him or attempted to injure him. Plaintiff states that he reported the May 24, 2006 incident to Defendant McGee, who failed to

4

take appropriate action.  Plaintiff also acknowledges that Mitchell has not harmed him in any way since the original incident.  (Doc. 33,  Part 8, pg 16).

   Plaintiff alleges that he attempted to file a formal grievance regarding the May 24, 2006 incident with Defendant Nobles, but Nobles failed to accept or investigate the grievance.

   Plaintiff appears to base his complaint against Warden Nelson on his allegation that she said she would handle taking out a criminal warrant against Mitchell for the stabbing, and for somehow allowing Mitchell to have access to general population so that he was able to verbally threaten plaintiff after the stabbing.

    Plaintiff alleges that defendant Sgt McGee failed to take any action after being informed that Mitchell made a verbal threat against plaintiff on May 24, 2006.  Plaintiff alleges that defendant Nobles, as the grievance coordinator, failed to follow appropriate SOPs and accept his grievance, and failed to investigate the incidents in question.

*Failure to Protect*

    Plaintiff admits in his deposition that he had no prior altercations with inmate Mitchell prior to the May 17, 2006 stabbing.  (Doc. 33, Part 8, pg. 6).  Additionally, he admits that inmate Mitchell has not harmed him since the date of the stabbing.  (Doc. 33, Part 8, pg. 16).   Plaintiff has not alleged that defendants had any knowledge that inmate Mitchell posed a danger to plaintiff prior to the May 17, 2006 stabbing.  Therefore, defendants are not liable for the stabbing, as they has no way of knowing of the risk to plaintiff.  (See Farmer, supra)

   Nor can defendants be liable for the alleged verbal threat of May 24, 2006.  Again, plaintiff acknowledges that he was not harmed by inmate Mitchell on that date of any date thereafter. (Doc. 33, Part 8, pg. 16).

*McGee*

Assuming that plaintiff's allegations are correct that he informed Sgt McGee that inmate Mitchell made verbal threats to him on May 24, 2006 and that McGee failed to take any action, plaintiff's claims also fail. The parties agree that no incident report regarding the alleged May 24, 2006 verbal threat was even taken out. (Doc. 33, McGee aff.). It is also undisputed that plaintiff failed to report the incident to any other officer, and failed to request that he be taken into protective custody.

*Nobles*

Plaintiff claims that he attempted to file a formal grievance regarding the May 24, 2006 incident, but that defendant Nobles failed to accept the grievance and failed to conduct any investigation into the merits of the grievance.

"We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. See, e.g., Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994) (stating that Constitution creates no entitlement to voluntarily established grievance procedure); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991) (same)". Thomas v. Warner, 237 Fed. Appx. 435, 437-438 (11th Cir. 2007). Therefore, plaintiff's allegations that Nobles failed to comply with the prison's voluntary grievance procedures does not state a constitutional claim.

*Exhaustion*

Defendants also contend that plaintiff failed to exhaust administrative remedies. Plaintiff attempted to file a formal grievance (No. 0043579( regarding the incidents on June 7, 2006. However, the grievance was not accepted as plaintiff had attempted to grieve more than one

6

issue, which is against SOP.  (Doc. 33, Nobles aff.)

Plaintiff did not appeal this refusal, or attempt to file an out-of-time grievance. (Doc. 33, Nobles aff.).  Plaintiff has failed to rebut the evidence submitted by defendants regarding exhaustion.

Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative  remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

Therefore, it appears that plaintiff failed to exhaust his administrative remedies.

Consequently, it is the RECOMMENDATION of the undersigned that defendants' motion for summary judgment be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof


**SO RECOMMENDED**, this 19th  day of February, 2009.


      /S/ Richard L. Hodge
      RICHARD L. HODGE
      UNITED STATES MAGISTRATE JUDGE

msd